FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIA RIMES, an individual, | No. 23-55113 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01488-SPG-JEM |
| v. | |
| CLAIRE'S STORES, INC., a Delaware corporation; DOES, 1 through 25, inclusive, | MEMORANDUM[*] |
| Defendant-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted April 2, 2024[**]
Pasadena, California

Before:  R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

After taking five consecutive leaves of absence totaling more than eight months, Julia Rimes was terminated from her position as Associate Director of Brand Communications at Claire's Stores, Inc.  She now appeals the district court's

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order granting summary judgment for Claire's Stores on each of her California Fair Employment and Housing Act (FEHA), California Family Rights Act (CFRA), and related claims. We review de novo a district court's order granting summary judgment. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 733 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  The district court properly ruled that Rimes failed to present either direct evidence of discrimination or evidence to satisfy the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), framework for her FEHA discrimination claim. *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (explaining that California law follows the federal burden-shifting test in the absence of direct evidence of discrimination). The emails and termination letter that Rimes relies on as direct evidence of discrimination at most show that Claire's was motivated by the fact that she had been absent from work for over eight months, not that it was motivated by any disability. Rimes has not presented evidence showing that Claire's was aware of any disability in connection with her request for leave of absence. At most, the evidence shows that Claire's knew she had been referred for psychotherapy.

Further, Rimes failed to present evidence that she was able to perform her job with reasonable accommodations. While Rimes is correct that a "finite leave" may

be a reasonable accommodation if "it is likely that at the end of the leave, the employee would be able to perform his or her duties," Rimes took five extensions of her leave and gave no indication that the requested fifth extension would be the last one or that she would be able to return to work at its completion. *Hanson v. Lucky Stores, Inc.*, 87 Cal. Rptr. 2d 487, 494 (Cal. Ct. App. 1999). "Reasonable accommodation does not require the employer to wait indefinitely for an employee's medical condition to be corrected." *Id.* (internal quotation marks and citation omitted). Finally, Claire's presented evidence—which Rimes did not dispute— showing that it restructured Rimes's department during the eight months she was away and outsourced many of her duties. Rimes cannot show that this restructuring and outsourcing was pretext to avoid keeping her as an employee.

2.      Under the FEHA, employers must provide reasonable accommodations and must "engage in a timely, good faith, interactive process with the employee … to determine effective reasonable accommodations." Cal. Gov't Code § 12940(n). "Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, … the initial burden rests primarily upon the employee ... to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Scotch v. Art Inst. of Cal.*, 93 Cal. Rptr. 3d 338, 360–61 (Cal. Ct. App. 2009) (alterations in original) (internal quotation marks and citation omitted). Here, Claire's engaged in

3

good faith with Rimes regarding her leave of absence, the only accommodation she requested. Without Rimes requesting any accommodation other than leave or sharing any details of her condition, Claire's could not suggest other accommodations and thus satisfied its burden. And as discussed above, additional leave was no longer a reasonable accommodation.

3. The district court correctly granted summary judgment on Rimes's CFRA interference and retaliation claims. Rimes does not dispute that she was given far more than the twelve weeks of leave required under the CFRA, but she argues that Claire's failed to notify her in the employee handbook of her CFRA rights. While Rimes is correct that failure to notify *can* constitute interference, she has not shown that the failure to notify in any way impacted her ability to take her leave. *Contrast Faust v. Cal. Portland Cement Co.*, 58 Cal. Rptr. 3d 729, 741 (Cal. Ct. App. 2007) (determining summary judgment was precluded where employee did not take full leave before he was fired and was not provided notice of his rights). As with her FEHA discrimination claim, Rimes's evidence does not show that she was fired *because* she exercised her CFRA rights given that Claire's restructured and outsourced much of her department during the eight months she was gone.

4. Rimes's invasion of privacy claim also fails as a matter of law. Claire's required Rimes's doctor to fill out a Department of Labor form supporting her need for leave. Her doctor only indicated that she had been referred for "psychotherapy,"

4

and did not include any diagnosis, symptom, or treatment information. Claire's kept that form on a secure drive accessed only by certain staff with a need to view it. This does not rise to a "serious invasion of the protected privacy interest" or an "egregious breach of the social norms." *Norman-Bloodsaw v. Lawrence Berkeley Lab'y*, 135 F.3d 1260, 1271 (9th Cir. 1998) (internal quotation marks omitted); *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 655 (Cal. 1994).

5.     Because the district court properly granted summary judgment against Rimes on her discrimination and retaliation claims, her wrongful termination claim premised on those same allegations likewise fails. *Casella v. Sw. Dealer Servs., Inc.*, 69 Cal. Rptr. 3d 445, 454 (Cal. Ct. App. 2007).

**AFFIRMED.**